FILED

99 OCT 19 AM 11: 27

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
OCT 19 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HOSEA TURK, )
)
Plaintiff, )
)
v. ) CIVIL ACTION NO.
)
) 98-AR-0910-S
CITY OF BIRMINGHAM, )
)
Defendant. )
)

## MEMORANDUM OPINION

Before the court is defendant's motion for summary judgment. Plaintiff, Hosea Turk ("Turk"), alleges that defendant, City of Birmingham ("the City"), violated the Americans with Disabilities Act ("ADA"). Specifically, Turk alleges that the City violated 42 U.S.C. § 12102(2)(C) by unlawfully regarding him as being substantially limited in a major life activity. For the reasons set forth below, defendant's motion is due to be granted.

### Pertinent and Undisputed Facts

In September of 1993, Turk applied for the job of Correctional Specialist with the City. The Personnel Board of Jefferson County thereupon certified Turk as eligible to be considered for hiring by the City. However, the City requires applicants for employment as Correctional Specialist to successfully complete a pre-employment



background screening process. This includes passing a polygraph exam. Turk failed the first polygraph test. However, this did not automatically disqualify him for a later consideration for the same position.

In June of 1994, Turk was re-interviewed for the job of Correctional Specialist. He took another polygraph test, which he this time passed. On August 4, 1994, he was given a conditional job offer which was contingent on his passing a medical examination. The offer explicitly stated that if the pre-employment exam found him physically ineligible, he would be asked to resign.

Turk's medical examination indicated that the vision in his right eye was correctable only to 20/200 because Turk has amblyopia (commonly referred to as "lazy eye"). His left eye was 20/20 without correction. The City's vision standard requires that Correctional Specialists have corrected visual acuity of no worse than 20/20 in both eyes. Thus, because of his right eye, Turk did not meet the City's standard.

After receiving the conditional job offer, Turk met with the Hiring Team, composed of Sergeant Sabrina Houser, Kista Thomas Smith, and Willie Forrest. Houser was responsible for presenting the hiring team findings and recommendations to the Birmingham Police Department's Deputy Chief, who then made recommendations to

the Chief. After the Hiring Team met with Turk, Houser prepared a report regarding his prospective employment. The report stated that Turk's medical examination rendered him physically ineligible for the job.

Because Turk did not meet the vision requirement, the police department requested that the Personnel Board disqualify Turk from the Correctional Specialist register. After speaking with Dr. Michael Griffin, Turk's optometrist, the Personnel Board concluded that Turk might be able to perform the essential job functions of a Correctional Specialist and refused to disqualify him. Nevertheless, the City withdrew Turk's conditional job offer.

At the time the City withdrew Turk's job offer, it was aware of the following: despite his amblyopia, Turk has an Alabama driver's license and operates an automobile; he has also served in the U.S. Army as a paratrooper, taught elementary school and college, and worked for the Alabama Department of Corrections from 1984-1988. While at the Alabama Department of Corrections, he worked as a guard and as an instructor of correctional officers. His duties included counting, transporting, and shake downs.

After the City refused to hire Turk, he did not seek similar correctional employment elsewhere. Turk then filed an initial charge of discrimination with the EEOC. After the EEOC gave him notice of

his right to sue, he filed the present action.

## Summary Judgment Standard

Rule 56(c), F.R.Civ.P. provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has emphasized that this language means exactly what it says: there must be a genuine issue of material fact, not merely some factual dispute. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 2510. What this standard means in practice is that "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249, 106 S.Ct. at 2511 (citing First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575 (1968)).

The City having moved for summary judgment, the court must look at the evidence to see if a jury could return a verdict for Turk. If so, the City's motion for summary judgment must be denied. If, however, as a matter of law, a jury could not return a verdict for Turk, the City's motion must be granted.

## ADA CLAIM

Turk is not alleging that he is disabled under 42 U.S.C. § 12102(2)(A). Rather, his sole allegation is that the City violated 42 U.S.C. § 12102(2)(C) because it impermissibly *regarded* him as having a physical or mental impairment that substantially limits one or more of his major life activities. In one of its most recent ADA decisions, the Supreme Court held that in order to prove a violation of § 12102(2)(C), a plaintiff must show either: 1) the employer mistakenly believes that he has a physical impairment that substantially limits one or more major life activities, or (2) the employer mistakenly believes that an actual, non-limiting impairment substantially limits one or more of his major life activities. See Sutton v. United Air Lines, Inc., 119 S.Ct. 2139, 2149-2150 (1999). Put simply, the employer "must either believe that one has a substantially limiting impairment that one does not have or that one has a substantially limiting impairment when, in fact, the impairment is not so limiting." Id. at 2150.

The EEOC regulations interpreting the ADA list walking, seeing, hearing, speaking, breathing, learning, and working as major life activities. 29 C.F.R. § 1630.2(i). The regulations also state that a person is "substantially limited" if he or she is either (1) unable to perform a major life activity that the average person in

the general population can perform; or (2) significantly restricted as to the condition, manner, or duration under which he or she can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

Turk claims that the City mistakenly regarded his eye condition as substantially limiting the major life activities of seeing and/or working. To survive summary judgment, Turk must offer evidence which, if believed, would allow a reasonable jury to conclude that the City did in fact regard him as substantially limited in one or both of these major life activities.[1]

Turk has not met this burden. In his brief, the only evidence he mentions as a basis upon which a jury could find the existence of an unlawful perception are two statements made by Sergeant Houser in her deposition. The statements are: 1) "I don't know anything about - as a matter of fact, I don't see his eyes and I'm looking at him. I can't even see them. I see them blinking, but I really

---

[1] The Supreme Court has not decided whether working is a major life activity under the ADA. However, the Court assumed without deciding that seeing is a major life activity in <u>Albertson's Inc. v. Kirkingburg</u>, 119 S.Ct. 2162, 2167 (1999). In doing so, the Court cited to 29 C.F.R. § 1630.2(i). That same C.F.R. subsection also lists working as a major life activity. Since neither party in this case challenges subsection (i) as invalid or unconstitutional, this court will assume that working, along with seeing, is a major life activity.

can't even look into his eyes;" (Houser Depo., p. 113;) and 2) "But, I mean, but, just because he can't see me, that don't make him disabled, I don't think." (Houser Depo., p. 114.) Turk offers these statements as evidence that Houser thought that he was blind. However, the court does not see how, when taken alone or in the context of the rest of her deposition, these statements could logically lead to the conclusion that Houser thought that Turk was blind. In fact, when asked whether she knew if Turk were legally blind, she replied, "I wouldn't know that." (Houser Depo., p. 113.) Thus, Houser's statements are not enough to show that the City regarded Turk as substantially limited in the major life activity of seeing.

Turk also points out that City withdrew the job offer *despite* the Personnel Board's refusal to disqualify Turk from the position. However, while the City's decision to disregard the Personnel Board's recommendation might have been relevant if Turk were alleging a violation of § 12102(2)(A), it does not help him prove his claim under § 12102(2)(C). For example, if Turk were alleging that he is in fact disabled under subsection (A) and that the City failed to reasonably accommodate him, the Personnel Board's recommendation could be helpful. However, since the issue here is

only whether the City impermissibly *regarded* Turk as substantially limited in a major life activity, the City's refusal to follow the Personnel Board's recommendation reveals *at most* that the City thought Turk could not perform the job of Correctional Specialist; it does not prove that the City regarded Turk's eyesight as substantially limiting the major life activities of seeing and/or working. Likewise, even if Turk had demonstrated that Houser or others in the police department feared that an inmate would sneak up on Turk because of his eye condition, this does not show that they regarded his eyesight as substantially limiting him at anything other than the particular job of Correctional Specialist. Cf. Wilson v. Pennsylvania State Police Dept., 964 F.Supp. 898, 909 (E.D. Pa. 1997) (holding that plaintiff had demonstrated a genuine issue of material fact where he offered evidence that the state believed that his eyesight rendered him unable to perform a variety of routine tasks, not necessarily related to the particular job at issue). Thus, Turk has not produced evidence which, if taken as true, would meet his burden of proving that the City regarded him as substantially limited in the major life activity of seeing.

Furthermore, with regard to the major life activity of working, Turk must show that the City regarded him as unable to work in a

broad class of jobs. See <u>Sutton</u>, 119 S.Ct. at 2151. For example, in <u>Sutton</u>, potential airline pilots contended that United Air Lines mistakenly believed that their vision impairment substantially limited them in the major life activity of working because United had a particular vision requirement which excluded the pilots from consideration. However, the Supreme Court pointed out that the fact that an employer has a vision requirement in place does not establish a claim that the employer regards the employee as substantially limited in the major life activity of working. <u>Sutton</u> at 2150. The Supreme Court concluded: "Because the position of global airline pilot is a single job, this allegation does not support the claim that respondent regards petitioners as having a substantially limiting impairment." <u>Id.</u> at 2151.

In <u>Murphy v. United Parcel Service, Inc.</u>, 119 S.Ct. 2133, 2139 (1999), which was decided on the same day as <u>Sutton</u>, the Supreme Court held that if the undisputed evidence demonstrates that plaintiff is, at most, regarded as unable to perform only a particular job, this evidence is "insufficient, as a matter of law, to prove that [plaintiff] is regarded as substantially limited in the major life activity of working."

Turk's situation is closely analogous to that of the plaintiffs in <u>Sutton</u> and <u>Murphy</u>. Here, the City's vision requirement rendered

Turk unable to be a Correction Specialist. However, there is no evidence to suggest that the City regarded Turk as incapable of performing any job except that of Correctional Specialist. In sum, plaintiff has produced no evidence, which if believed by a jury, would show that the City regarded Turk as unable to perform a broad class of jobs. Therefore, as a matter of law, the City did not regard Turk as substantially limited in the life activity of working. Thus, summary judgment for defendant is due to be GRANTED.

## CONCLUSION

A separate and appropriate order will be entered.

DONE this 19th day of October, 1999.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE